## ROMERO ET ALS. *vs.* SEGURA.

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT, THE JUDGE
THEREOF PRESIDING.

Where the payee of a promissory note, payable to order, transfers it in writing on the back of the instrument, for twenty per cent. discount, it will be considered a sale, not an endorsement, in which the purchaser will be considered as having taken the risk of the solvency of the maker, without recourse on the transferor; and such a contract is, in its nature, aleatory and not usurious.

Where the sale of a promissory note by the payee, in insolvent circumstances, has been made for *one-fifth less* than the amount promised on the face of it such sale may be rescinded by the creditors of the insolvent; but they would be bound, first to refund the purchase money, when there is no evidence of fraud on the part of the purchaser.

This action is instituted on the following promissory note :

"Nouvelle Iberie le 11 Octobre 1831.

" Au premier Avril prochain, je payerai à Mr. Louis Segura, ou à son ordre, la somme de trois cent quatre-vingt-quinze piastres, avec les intérêts d'un dix pour cent, à compter du jour de la date jusque parfait payement, pour valeur reçu.

"$395.                                    "St. Yago Segura."

*Endorsement on the back.*

" Reçu le payement à l'escompte de 20 pour cent, par Messieurs Antoine & Michel Romero, fils, que je leur cède.

"Ls. Segura.

" Paroisse Ste. Marie le 30 Décembre 1831."

The defendant pleads a general denial, and admits his signature as the drawer of the note. He alleges the note was given in consideration of a sale made by Louis Segura, to him, of all the rights and pretensions of the latter, to the succession of his father Francisco Segura, and that the said rights and pretensions, were, a very short time afterwards, seized by one of Louis Segura's creditors, together with the

note sued on, and two others of the same tenor. He further states that he is threatened with a suit, to annul said sale made to him, and for the recovery of the amount of these notes; he also charges that the plaintiffs gave no consideration for the note, or if any, that it was illegal and usurious; and that the date of the transfer of the note is false, and was made but a few days before the filing of the *bilan* of Louis Segura, and at a time when he was in failing circumstances, within the knowledge of the plaintiffs and transferees of the note. He likewise charges fraud and collusion between the plaintiffs and transferor of the note, and alleges it would be unsafe to pay it on account of the claims of Segura's creditors, &c.

The syndic of Segura's creditors intervened and opposed the plaintiffs' right to obtain judgment, and alleged the want of consideration, and that the note showed an usurious discount on its face by the transfer to the plaintiffs, and that the transfer was made at a time when Segura was notoriously insolvent. He joins the defendant in resisting the plaintiffs' demand; and prays that the note be declared to belong to the insolvent estate of Segura, and that he may have judgment for the amount of it, for the use of the creditors.

The defendant and intervenor's counsel offered in evidence the record of a suit, and judgment in favor of Perrault & Pascal *vs.* L. Segura, and also the return on the execution, which issued on it, by which it appeared that the sheriff, on the 31st December, 1831, the day after the transfer of the note sued on, seized certain notes, alleged to be the property of Louis Segura, together with all his interest in his father's succession. The notes seized differed in their tenor and amounts, as described in the sheriff's return from that sued on, but were alleged to be the same. This evidence was intended to show that the defendant was prohibited by this seizure, from paying the amount of the note to the plaintiffs. It appeared also that this execution, after the seizure and before any sale, was stayed by the surrender of the defendant, in favor of all his creditors.

The transfer of the note bears date the 30th December, 1831, and on the sixteenth of January following, Segura filed his *bilan* and made a surrender of his property, which was accepted by the judge. The whole of the proceedings of the suit against his creditors, and several judgments obtained against him before, and at the time of the transfer of the note sued on, were offered in evidence, by which it appeared he was completely insolvent.

The district judge charged the jury, that the note being negotiable, it became the property of the plaintiffs. 2d. The contract is not usurious. Usury is where the debtor contracts to pay more than legal interest; here it is a sale of the note, and may be for a reasonable price. 3d. The plaintiffs were not creditors, and sought no advantage over other creditors. They paid a fair price, which went into the mass of the insolvent's estate; it is then a fair contract, &c.

This charge was excepted to by the defendant, and intervenor's counsel, who also required the judge to charge the jury, that " the plaintiffs should show that due notice of the transfer had been given to the defendant before they could recover; and not having done so, they cannot recover as the seizure of Perrault & Pascal gave them a right of privilege on the notes seized, unless it be shown that a notice of the transfer had been given previous to the seizure." The judge refused to charge the jury as requested, and a bill of exceptions was taken to the entire charge and to the refusal.

There was a verdict and judgment for the plaintiffs. The defendant and intervenor appealed.

*Brownson and Lewis,* for the plaintiffs.

1. The note sued on was negotiable, was negotiated to plaintiffs for a valuable consideration before maturity, and became their property.

2. The contract by which plaintiffs obtained the note is *not* usurious. Usury is where the *debtor* contracts *to pay more* than lawful interest. Here it was a sale of the note for a fair price, and is valid. *La. Code,* 2423–24. *5 Com, Digest,* 648–9. 10 *Johnson's Reports,* 195.

3. Plaintiffs were not creditors of Louis Segura, and could seek no advantage over other creditors; and the price they paid for the note went into the mass of his estate for the benefit of his creditors. 6 *La. Reports*, 538.

4. If plaintiffs knew that Louis Segura was insolvent, still if they paid a fair price for the note, *not being creditors*, they may recover.

5. No law requires the transferee of negotiable paper to give notice to the debtor.

6. The pretended seizure of Perrault & Pascal, was made after the transfer of the notes, and can give them no rights.

*Simon*, for the defendants and the intervenor.

*Mathews, J.*, delivered the opinion of the court.

In this case suit was brought by the plaintiffs as assignees of a debt transferred to them by one Louis Segura, on St. Yago Segura, the defendant. The evidence of the debt consisted in certain promissory notes held by the transferor, made payable to him in negotiable form by his debtor. Soon after the transfer, indeed so soon as to raise suspicions of the fairness of his conduct, Louis Segura made a cession of his property, in pursuance of our laws relating to insolvents, and a syndic was appointed to manage the ceded property, who intervened in the present suit, claiming a rescission of the contract by which the plaintiffs became proprietors of the notes in question for the benefit of the mass of creditors of the insolvent, and particularly in favor of a judgment creditor, who had seized, under execution, these notes.

The original plaintiffs having prevailed in the court below, the intervenor appealed from a judgment which was rendered in their favor.

The facts of the case show that the creditor had sold to the plaintiffs, the notes on which they commenced the present action, at a discount of twenty per cent. The contract of transfer was a sale of them, not a regular transfer by endorsement, leaving the endorser responsible as such. The purchasers seem to have taken the risk of the solvency of the

Where the payee of a promissory note, payable to order, transfers it in writing on the back of the instrument, for 20 per centum discount, it will be considered a sale, not an endorsement; in which the purchaser will be considered as having taken the risk of the solvency of the maker without recourse on the transferor; and such a contract is in its nature aleatory and not usurious.

maker, without recourse on the transferor. The contract was in its nature aleatory, consequently not usurious. There was a mistake in the seizure under execution attempted to be made by the judgment creditor. The sheriff's return shows that he seized notes of an amount different from those transferred to the plaintiffs; the privilege which the creditor might have acquired in consequence of having made the seizure before notice of the transfer, did therefore not attach. The sale having been made for one-fifth less than the amount promised on the face of the notes would probably authorise the creditors of the insolvent to cause it to be annulled, in pursuance of the 1976th article of the Code. But on claiming a rescission, they would be bound to refund to the purchasers the sums paid by them to the insolvent, as there is no evidence of fraud or bad faith on their part. The syndic has not asked a judgment of this kind in the present instance, and it is not shown that the creditors would be willing to take on themselves the responsibility of refunding.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

WESTERN DIST.
September, 1834.

ROMERO ET ALS.
*vs.*
SEGURA.

Where the sale of a promissory note by the payee in insolvent circumstances, has been made for one-fifth less than the amount promised on the face of it, such sale may be rescinded by the creditors of the insolvent; but they would be bound first to refund the purchase money, when there is no evidence of fraud on the part of the purchaser.